**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ORVILLE NIX, JR.,                     )
                                      )
            Plaintiff,                )
                                      )          Case No. 23-704L
      v.                              )
                                      )          (Judge Schwartz)
THE UNITED STATES,                    )
                                      )
            Defendant.                )
                                      )

<u>**DEFENDANT'S ANSWER TO THE AMENDED COMPLAINT**</u>

For its answer to the amended complaint (ECF No. 39), defendant admits, denies, and alleges as follows:

1.      The allegations contained in paragraph 1 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.      Denies the allegations contained in the first sentence of paragraph 2 regarding Mr. Nix's residence for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remaining allegations contained in the first sentence of paragraph 2. Denies the allegations contained in the second sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3.      Admits.

4.      The allegations contained in paragraph 4 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5.      The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6.      Admits.

7.      Admits.

8.      Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9.      Admits.

10.     Admits.

11.     Admits.

12.     Admits.

13.     Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14.     Admits.

15.     Admits the allegations contained in paragraph 15 to the extent supported by the Warren Commission Report, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

16.     Admits the allegations contained in paragraph 16 to the extent supported by the Warren Commission Report, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

17.     Admits the allegations contained in paragraph 17 to the extent supported by the Warren Commission Report, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

18.    Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19.    Admits the first sentence of paragraph 19.  The allegations contained in the second sentence of paragraph 19 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20.    Admits that the HSCA obtained a version of the Nix Film.  Admits the remaining allegations contained in paragraph 20 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

21.    Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22.    Admits the allegations contained in paragraph 22 to the extent supported by the HSCA Report, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

23.    Admits the allegations contained in paragraph 23 to the extent supported by the HSCA Report, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

24.    Admits the allegations contained in paragraph 24 to the extent supported by the HSCA Report, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

25.    Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26.    Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27.     Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28.     Admits the allegations contained in paragraph 28 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

29.     Admits the allegations contained in paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

30.     Admits the allegations contained in paragraph 30 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

31.     Admits the allegations contained in paragraph 31 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

32.     Admits the first sentence of paragraph 32.  The allegations contained in the second sentence of paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33.     Admits the allegations contained in paragraph 33 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

34.     Admits the allegations contained in paragraph 34 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

35.     Admits the allegations contained in paragraph 35 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

36.     Admits the allegations contained in paragraph 36 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

37.     Admits the allegations contained in paragraph 37 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

38.     Denies the allegations contained in the first and second sentences of paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the remaining allegations contained in paragraph 38 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

39.     Admits the allegations contained in paragraph 39 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

40.     Admits that UPI delivered a version of the Nix Film and a version of the Muchmore Film to the HSCA in response to the subpoena served on or about April 3, 1978.

41.     Admits the allegations contained in paragraph 41 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

42.     Admits the allegations contained in paragraph 42 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

43.     Admits the allegations contained in paragraph 43 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

44.     Denies the allegations contained in paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45.     Denies the allegations contained in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46.     Admits the allegations contained in the first sentence of paragraph 46 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this sentence.  Denies the allegations contained in the second and third sentences of paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the fourth sentence of paragraph 46.

47.     Denies the allegations contained in the first sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 47 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this sentence.

48.     The allegations contained in the first and sixth sentences of paragraph 48 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the remaining allegations contained in paragraph 48

to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

49.     The allegations contained in the first and second sentences of paragraph 49 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the remaining allegations contained in paragraph 49 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

50.     Denies the allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51.     The allegations contained in the first sentence of paragraph 51 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the remaining allegations contained in paragraph 51 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

52.     Admits the allegations contained in paragraph 52 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

53.     Admits the allegations contained in paragraph 53 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

54.     Admits the allegations contained in paragraph 54 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

55.    Admits the allegations contained in paragraph 55 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

56.    Admits the allegations contained in paragraph 56 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

57.    Admits the allegations contained in paragraph 57 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

58.    Admits the allegations contained in the first sentence of paragraph 58 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this sentence.  Denies the allegations contained in the second and fourth sentences of paragraph 58.  Denies the allegations contained in the third sentence of paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59.    Admits the allegations contained in paragraph 59 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

60.    Admits the allegations contained in paragraph 60 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

61.    Admits the allegations contained in paragraph 61 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

62.    Admits the allegations contained in paragraph 62 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

63.    Admits the allegations contained in paragraph 63 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

64.    Denies the allegations contained in the first sentence of paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 64 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this sentence.

65.    Admits the allegations contained in paragraph 65 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

66.    Admits the allegations contained in paragraph 66 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

67.    Admits the allegations contained in paragraph 67 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

68.    Admits the allegations contained in paragraph 68 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

69.     Admits the allegations contained in the first and second sentences of paragraph 69 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in these sentences.  Denies the allegations contained in the third sentence of paragraph 69 for lack of knowledge or information sufficient to form a belief as to their truth.

70.     Denies the allegations contained in paragraph 70 for lack of knowledge or information sufficient to form a belief as to their truth.

71.     Admits the allegations contained in paragraph 71 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

72.     Denies the allegations contained in paragraph 72 for lack of knowledge or information sufficient to form a belief as to their truth.

73.     Denies the allegations contained in the first and second sentences of paragraph 73 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the third and fourth sentences of paragraph 73 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in these sentences.

74.     Denies the allegations contained in the first sentence of paragraph 74 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 74 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this sentence.

75.    Admits the allegations contained in paragraph 75 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

76.    Denies the allegations contained in the first and second sentences of paragraph 76 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the third sentence of paragraph 76 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this sentence.

77.    Admits the allegations contained in paragraph 77 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

78.    Denies the allegations contained in paragraph 78 for lack of knowledge or information sufficient to form a belief as to their truth.

79.    Denies the allegations contained in the first sentence of paragraph 79 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the remaining allegations contained in paragraph 79 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

80.    Denies the allegations contained in the first sentence of paragraph 80 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the remaining allegations contained in paragraph 80 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

81.    Admits the allegations contained in paragraph 81 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

82.    Denies the allegations contained in paragraph 82 for lack of knowledge or information sufficient to form a belief as to their truth.

83.    Denies the allegations contained in paragraph 83 for lack of knowledge or information sufficient to form a belief as to their truth.

84.    Denies the allegations contained in the first and second sentences of paragraph 84 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the third sentence of paragraph 84 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this sentence.

85.    Denies the allegations contained in paragraph 85 for lack of knowledge or information sufficient to form a belief as to their truth.

86.    Denies the allegations contained in paragraph 86 for lack of knowledge or information sufficient to form a belief as to their truth.

87.    Admits the allegations contained in the first, second, and third sentences of paragraph 87 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in these sentences.  Denies the allegations contained in the fourth sentence of paragraph 87.

88.    Admits the allegations contained in paragraph 88 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

89.    Denies the allegations contained in paragraph 89 for lack of knowledge or information sufficient to form a belief as to their truth.

90.    Admits.

91.    Denies the allegations contained in paragraph 91 for lack of knowledge or information sufficient to form a belief as to their truth.

92.    Denies the allegations contained in paragraph 92 for lack of knowledge or information sufficient to form a belief as to their truth.

93.    Denies.

94.    The allegations contained in paragraph 94 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

95.    The allegations contained in paragraph 95 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

96.    The allegations contained in paragraph 96 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

97.    The allegations contained in paragraph 97 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

98.    The allegations contained in the first, second, and third sentences of paragraph 98 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the fourth and fifth sentences of paragraph 98 for lack of knowledge or information sufficient to form a belief as to their truth.

99.    Denies the allegations contained in paragraph 99 for lack of knowledge or information sufficient to form a belief as to their truth.

100.    Denies the allegations contained in paragraph 100 for lack of knowledge or information sufficient to form a belief as to their truth.

101.    Admits the allegations contained in the first sentence of paragraph 101 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this sentence.  Denies the allegations contained in the second sentence of paragraph 101.

102.    Denies the allegations contained in paragraph 102 for lack of knowledge or information sufficient to form a belief as to their truth.

103.    Admits the allegations contained in paragraph 103 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

104.    Admits the allegations contained in paragraph 104 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

105.    Admits the allegations contained in the first, second, and third sentences of paragraph 105 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in these sentences.  The allegations contained in the fourth sentence of paragraph 105 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

106.    Admits the allegations contained in paragraph 106 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

107.    Admits the allegations contained in paragraph 107 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

108.    Admits.

109.    Admits that NARA did not publicly release any version of the Nix Film on or after October 26, 2017.

110.    The allegations contained in paragraph 110 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

111.    Admits the allegations contained in paragraph 111 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

112.    The allegations contained in paragraph 112 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

113.    Denies the allegations contained in paragraph 113 for lack of knowledge or information sufficient to form a belief as to their truth.

114.    Denies the allegations contained in paragraph 114 for lack of knowledge or information sufficient to form a belief as to their truth.

115.    Denies the allegations contained in paragraph 115 for lack of knowledge or information sufficient to form a belief as to their truth.

116.    Denies the allegations contained in paragraph 116 for lack of knowledge or information sufficient to form a belief as to their truth.

117.    Denies the allegations contained in paragraph 117 for lack of knowledge or information sufficient to form a belief as to their truth.

118.    Denies the allegations contained in the first, fourth, and fifth sentences of paragraph 118 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 118 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this sentence.  The allegations contained in the third sentence of paragraph 118 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

119.    Denies the allegations contained in paragraph 119 for lack of knowledge or information sufficient to form a belief as to their truth.

120.    Denies the allegations contained in paragraph 120 for lack of knowledge or information sufficient to form a belief as to their truth.

121.    Admits the allegations contained in paragraph 121 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

122.    Admits the allegations contained in paragraph 122 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

123.    The allegations contained in the first sentence of paragraph 123 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 123.

124.    Admits the allegations contained in paragraph 124 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

125.    Admits.

126.    Admits the allegations contained in paragraph 126 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

127.    Admits the allegations contained in paragraph 127 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

128.    Admits the allegations contained in paragraph 128 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

129.    Admits.

130.    Admits that NARA provided counsel for Ms. Jackson with 19 additional documents on or about October 26, 2021.

131.    Denies the allegations contained in paragraph 131 for lack of knowledge or information sufficient to form a belief as to their truth.

132.    Denies the allegations contained in paragraph 132 for lack of knowledge or information sufficient to form a belief as to their truth.

133.    Denies the allegations contained in paragraph 133 for lack of knowledge or information sufficient to form a belief as to their truth.

134.    Denies the allegations contained in paragraph 134 for lack of knowledge or information sufficient to form a belief as to their truth.

135.    Denies that NARA is currently in possession of the in-camera original Nix Film.

136.    Admits the allegations contained in the first, second, and third sentences of paragraph 136 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in these sentences.  Denies that NARA has not provided any additional documents to Ms. Jackson's counsel since November 29, 2021.

137.    The allegations contained in paragraph 137 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

138.    The allegations contained in the first and second sentences of paragraph 138 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the third sentence of paragraph 138 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this sentence.

139.    Denies the allegations contained in paragraph 139 for lack of knowledge or information sufficient to form a belief as to their truth.

140.    Admits the allegations contained in paragraph 140 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

141.    Admits the allegations contained in paragraph 141 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

142.    The allegations contained in the first sentence of paragraph 142 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 142 for lack of knowledge or information sufficient to form a belief as to their truth.

143.    Denies the allegations contained in paragraph 143 for lack of knowledge or information sufficient to form a belief as to their truth.

144.    Admits the allegations contained in the first sentence of paragraph 144 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this sentence.  Denies the allegations contained in the second sentence of paragraph 144 for lack of knowledge or information sufficient to form a belief as to their truth.

145.    Denies the allegations contained in paragraph 145 for lack of knowledge or information sufficient to form a belief as to their truth.

146.    Denies the allegations contained in paragraph 146 for lack of knowledge or information sufficient to form a belief as to their truth.

147.    Denies the allegations contained in the first sentence of paragraph 147 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 147 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this sentence.

148.    Admits the allegations contained in paragraph 148 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

149.    Denies the allegations contained in paragraph 149 for lack of knowledge or information sufficient to form a belief as to their truth.

150.    Denies the allegations contained in paragraph 150 for lack of knowledge or information sufficient to form a belief as to their truth.

151.    Denies the allegations contained in paragraph 151 for lack of knowledge or information sufficient to form a belief as to their truth.

152.    Denies the allegations contained in paragraph 152 for lack of knowledge or information sufficient to form a belief as to their truth.

153.    Denies the allegations contained in paragraph 153 for lack of knowledge or information sufficient to form a belief as to their truth.

154.    The allegations contained in paragraph 154 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

155.    Denies the allegations contained in paragraph 155 for lack of knowledge or information sufficient to form a belief as to their truth.

156.    Denies the allegations contained in the first and second sentences of paragraph 156 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the third and fourth sentences of paragraph 156 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in these sentences.

157.    Denies the allegations contained in the first sentence of paragraph 157 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 157 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this sentence.

158.    Denies the allegations contained in paragraph 158 for lack of knowledge or information sufficient to form a belief as to their truth.

159.    Admits the allegations contained in the first and second sentences of paragraph 159 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in these sentences.  Denies the allegations contained in the third and fourth sentences of paragraph 159 for lack of knowledge or information sufficient to form a belief as to their truth.

160.    The allegations contained in paragraph 160 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

161.    Denies the allegations contained in paragraph 161 for lack of knowledge or information sufficient to form a belief as to their truth.

162.    Denies the allegations contained in paragraph 162 for lack of knowledge or information sufficient to form a belief as to their truth.

163.    Admits the first sentence of paragraph 163.  Admits that the Zapruder Film was stored at NARA as of October 26, 1992.  Admits the remaining allegations contained in paragraph 163 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in this paragraph.

164.    Admits the allegations contained in paragraph 164 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

165.    Admits the allegations contained in paragraph 165 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

166.    Admits the allegations contained in paragraph 166 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

167.    Admits the allegations contained in paragraph 167 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

168.    The allegations contained in paragraph 168 constitute plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

169.    The allegations contained in paragraph 169 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

170.    Defendant hereby incorporates by reference its admissions, denials, and responses to paragraphs 1-169.

171.    Admits the allegations contained in paragraph 171 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in this paragraph.

172.    The allegations contained in paragraph 172 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

173.    Admits that the HSCA obtained a version of the Nix Film on or about April 3, 1978.

174.    Admits that the HSCA obtained a version of the Nix Film on or about April 3, 1978.

175.    The allegations contained in paragraph 175 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

176.    The allegations contained in in the first and second sentences of paragraph 176 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the third sentence of paragraph 176 for lack of knowledge or information sufficient to form a belief as to their truth.

177.    The allegations contained in paragraph 177 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

178.    The allegations contained in paragraph 178 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

179.    The allegations contained in paragraph 179 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

180.    Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 179, or to any relief whatsoever.

181.    Denies each and every allegation not previously admitted or otherwise qualified.

## **AFFIRMATIVE DEFENSE**

182.    Plaintiff's takings claim accrued more than six years before he filed the complaint on May 11, 2023, and plaintiff has no valid basis for suspending the accrual of his claim.  As a result, plaintiff filed this matter outside the statute of limitations within 28 U.S.C. § 2501.


WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the amended complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Elizabeth M. Hosford
ELIZABETH M. HOSFORD
Assistant Director

/s/ Borislav Kushnir
BORISLAV KUSHNIR
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-5928
Facsimile: (202) 353-0461
Email: Steven.Kushnir@usdoj.gov

January 8, 2025                Attorneys for Defendant